**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Vogel, *et al.*, | CIV-04-1215-PHX-RGS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Maricopa County, *et al.*, | |
| Defendants. | |

    Pending before the Court is Defendants' Motion for Summary Judgment (Doc. #43). Defendants initiated removal proceedings in this matter pursuant to 28 U.S.C. § 1441(b), anticipating that Plaintiffs would file an amended complaint asserting a violation of federal law. Specifically, when Defendants received Plaintiffs' Fourth Supplemental Disclosure Statement Re: Experts, Defendants identified language in one expert's opinion suggesting a civil rights violation. Fearing the possibility of losing their chance for removal, Defendants acted to remove in anticipation of Plaintiffs filing an amended complaint asserting a civil rights claim. However, the Court notes that Plaintiffs have never amended their Complaint to state any additional cause of action.

    Title 28 U.S.C. § 1441(b) reads in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal

jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against removal, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.

In determining the presence or absence of federal question jurisdiction, we apply the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). Pursuant to the "well-pleaded complaint rule," courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." California ex rel. Sacramento Metropolitan Air Quality Management Dist. v. United States, 215 F.3d 1005, 1014-15 (9th Cir. 2000). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Dynegy, Inc., 375 F.3d at 838. Accordingly, "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc., 482 U.S. at 393 (emphasis original). Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Id. at 113.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is well established that lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966-67 (9th Cir. 2004). A district court has "a duty to establish subject matter jurisdiction over the

removed action *sua sponte*, whether the parties raised the issue or not." Id. at 967. "If there exists a jurisdictional defect in the removal, *sua sponte* remand is not only permissible, but the district court must remand if it lacks jurisdiction." Knutson v. Allis-Chalmers Corp., 358 F.Supp.2d 983, 990 (D. Nev. 2005).

The Court's review of Plaintiffs' Complaint reveals the following Claims for Relief: Count One – Negligence and/or Gross Negligence; Count Two – Assault and Battery; Count Three – Intentional Infliction of Emotional Distress; and Count Four – Wrongful Death. (See Compl. at 10-16.) On its face, the Complaint fails to allege a violation of federal law. (See id. at 1-16.)

Accordingly, since the Court fails to have subject matter jurisdiction over this case, remand of this action to state court is required.

**IT IS ORDERED** remanding this action to the Maricopa County Superior Court for the State of Arizona for further proceedings;

**IT IS FURTHER ORDERED** denying Defendants' Motion for Summary Judgment (Doc. #43) as moot

DATED this 18th day of January, 2007.

_____
Roger G. Strand
Senior United States District Judge